IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL D.J. CHENOWETH, | ) | CV. NO. 07-00092 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAUI CHEMICAL AND PAPER | ) | |
| PRODUCTS, INC., MILES | ) | |
| KAWASAKI, HENRY DOMINGO, | ) | |
| VICTOR KAMAI, and SANTIAGO | ) | |
| EVANGELISTA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS SANTIAGO EVANGELISTA, VICTOR KAMAI, HENRY DOMINGO, AND MILES KAWASAKI'S MOTIONS TO DISMISS WITH LEAVE TO AMEND COMPLAINT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants Santiago Evangelista, Victor Kamai, Henry Domingo, and Miles Kawasaki's (collectively, "Defendants")[1] Motions to Dismiss Complaint Filed on February 23, 2007 and the supporting and opposing memoranda, the Court GRANTS Defendants' motions

---

[1] The Court, at times, shall refer to each Defendant individually by their last name.

with leave for Plaintiff to amend his Complaint. Plaintiff shall have 30 days to amend his Complaint from the filing date of this order.

## BACKGROUND

On February 23, 2007, Plaintiff filed a Complaint against Defendants alleging that his former employer, Maui Chemical and Paper Products, Inc. ("Maui Chemical"), discriminated and retaliated against him on the basis of race or color, national origin, and a perceived learning disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).[2] Because part of Plaintiff's claim is based on the perceived learning disability, Plaintiff's claims also are brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111. Plaintiff's claimed injuries include a failure to promote, demotion, and decreased pay.

Plaintiff only named Maui Chemical in the caption of his Complaint, but he specifically identified Defendants in the narrative body and each Defendant was served a Notice of Lawsuit and Request for Waiver of Service of Summons. Plaintiff's Complaint does not clarify whether Defendants are being sued in their individual or official capacity. Plaintiff identifies Evangelista, Kamai, and

---

[2] Plaintiff had filed a Charge of Discrimination with the Hawaii Civil Rights Commission ("HCRC") on December 16, 2005. The HCRC issued a right-to-sue letter on or around February 13, 2007, after which Plaintiff filed suit.

Domingo as supervisors employed by Maui Chemical, and he identifies Kawasaki as the CEO of Maui Chemical.

On June 8, 2007, Evangelista filed a motion to dismiss, which Plaintiff opposed on July 10, 2007. On July 17, 2007, Kamai, Domingo, and Kawasaki each filed a motion to dismiss, which Plaintiff opposed on July 26, 2007. No replies were filed.

STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 1966. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is

plausible on its face. Id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

## DISCUSSION

Defendants move to dismiss Plaintiff's claims against them, arguing that Plaintiff has not asserted a legally cognizable ground upon which they could be found liable under Title VII or the ADA. Specifically, Defendants argue that Plaintiff has failed to allege any facts suggesting that Defendants may be individually liable, other than as a supervisor or co-employee at Maui Chemical. Rather, Plaintiff's claims are directed against his employer, Maui Chemical.

Plaintiff responds that Defendants are liable under Title VII and the ADA because "[m]anagers and supervisors are responsible for everything." Plaintiff also complains that each Defendant should provide a separate defense in each of their motions, rather than providing the same legal argument in all four motions. Moreover, Plaintiff reiterates his general assertions of liability based on slander, humiliation (creating a hostile work environment), physical injury and discriminatory treatment, and retaliation. Plaintiff does not provide specific facts relating to those allegations, though he does suggest that evidence might be available, without detailing any of that evidence.[3]

---

[3] In his opposition, Plaintiff states, "I [] have a notebook binder that is about 1 ½ inches thick of documented evidence."

The Ninth Circuit has conclusively determined that Title VII does not impose individual liability on employees, supervisory or otherwise, which this Court has recognized.  See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993); Sherez v. State of Hawaii Dep't of Educ., 396 F. Supp. 2d 1138, 1148 (D. Haw. 2005).  That is so because Title VII's language limits liability to employers with 15 or more employees and any agent thereof, which the Ninth Circuit found subjected employers to liability for acts of their employees under the doctrine of respondeat superior only.  See 42 U.S.C. § 2000e(b); Miller, 991 F.2d at 587.  A holding otherwise would contravene Congress's clear intent "to protect small entities with limited resources from liability."  Miller, 991 F.2d at 587.  As Congress intended "to protect those with limited resources from liability," the argument goes that Congress intended to protect individuals from liability.  Haltek v. Village of Park Forest, 864 F. Supp. 802, 805 (N.D. Ill. 1994).

Because the relevant statutory language of the ADA, limiting liability to employers with 15 or more employees and any agent thereof, is identical to that found in Title VII, the same reasoning applies to limit individual liability for employees.  See 42 U.S.C. § 12111(5)(A); Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997) (dismissing the plaintiff's ADA claims

against officers in their individual capacity, as well as Title VII claims, following the same logic); Haltek, 864 F. Supp. at 805 (same).

    Moreover, when a plaintiff alleges that an employee is liable in his or her official capacity, rather than in her or her individual capacity, that allegation constitutes a claim against the employer only. See id.; Cooke-Seals, 973 F. Supp. at 187 ("Where the suit has been filed against the employer . . . and one or more employees, [] the claims against the employees merge with the claim against the employer.")  As such, if a claim is brought against an employee in his or her official capacity, that claim would merge with the claim against the employer because, to maintain a claim against an individual in her or her official capacity "would be redundant and an inefficient use of judicial resources." Cooke-Seals, 973 F. Supp. at 187.  Here, the Court is not entirely clear as to whether Plaintiff's allegations were made against Defendants in their individual or their official capacities.  Regardless, Plaintiff may not maintain a claim against Defendants under Title VII or the ADA in their <u>individual</u> or their <u>official</u> capacity, the latter being merged with Plaintiff's claims against Maui Chemical, which are at the heart of Plaintiff's complaints.

    Notwithstanding that determination, Plaintiff, legally, could maintain a cause of action against Defendants in their individual capacity,  as agents of Maui

7

Chemical, under Hawaii Revised Statutes ("Haw. Rev. Stat.") ch. 378.  See Sherez, 396 F. Supp. 2d at 1148.  In Sherez, this Court juxtaposed Haw. Rev. Stat. ch. 378 with Title VII, noting that, unlike Title VII, Haw. Rev. Stat. ch. 378 "imposes liability on employers with one or more employees"; thus, employer liability is not limited to larger employers as in Title VII.  Id.  Haw. Rev. Stat. ch. 378 also imposes "aider and abetter liability on individuals," which this Court found significant.  Id.  Those differences supported the conclusion that Haw. Rev. Stat. ch. 378 imposes liability on individual employees as agents of employers.  Plaintiff did not bring such a claim here.  Notwithstanding that deficiency, because Plaintiff is pro se, the Court must look to the Complaint to determine whether it should grant Plaintiff leave to amend it.  The Court may grant leave "unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Karim-Panahi., 839 F.2d at 623 (quoting Noll, 809 F.2d at 1447).  In making that determination, the Court must set forth the Complaint's deficiencies.  See id.

    Even if Plaintiff could maintain a cause of action under Haw. Rev. Stat. ch. 378, Plaintiff's Complaint alleges conclusory allegations against Defendants only, which are insufficient to defeat a motion to dismiss.  See McGlinchy, 845 F.2d at 810.  For instance, Plaintiff complains that Kamai

8

physically injured him, discriminated against him, and harassed him, thus creating a hostile work environment, without describing how; he complains that Domingo discriminated against him and treated him in a biased manner, without describing how; he complains that Kawasaki spread slanderous rumors about him to ruin his life and kicked him out of his home state, without describing how; and any complaints, if any, against Evangelista are entirely unclear.  Although Plaintiff has failed to state any claims upon which relief could be granted as to Defendants, his Complaint appears to include arguments of Defendants' individual liability, albeit in a rather indiscernible fashion.

Because of the liberal pleading requirement that the Ninth Circuit imposes for parties proceeding pro se, and giving Plaintiff the benefit of the doubt, the Court shall dismiss the instant action with leave to amend because it is not "'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Karim-Panahi, 839 F.2d at 623.  If Plaintiff so chooses to amend his Complaint to state a claim against Defendants pursuant to Haw. Rev. Stat. ch. 378, Plaintiff must state with specificity factual allegations that could give rise to civil rights violations under that statute.  For example, Plaintiff should detail the actions for each Defendant, specifically stating who committed the act(s), what and how the act(s) occurred, when (or around when) the act(s) occurred, and where the

act(s) took place that gave rise to his claims of discrimination, harassment, and slander.  Organizing the acts according to the Defendant who took them also would be helpful.  If Plaintiff fails to do so, his Complaint will be dismissed accordingly.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motions with leave for Plaintiff to amend his Complaint.  Plaintiff shall have 30 days to amend his Complaint from the filing date of this order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 27, 2007.



_____
David Alan Ezra
United States District Judge

Michael D.J. Chenoweth vs. Maui Chemical and Paper Products, Inc., et al., Civil No. 07-00092 DAE-KSC; ORDER GRANTING DEFENDANTS SANTIAGO EVANGELISTA, VICTOR KAMAI, HENRY DOMINGO, AND MILES KAWASAKI'S MOTIONS TO DISMISS WITH LEAVE TO AMEND COMPLAINT