IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL D.J. CHENOWETH, | ) | CV. NO. 07-00092 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAUI CHEMICAL AND PAPER PRODUCTS, INC., MILES KAWASAKI, HENRY DOMINGO, VICTOR KAMAI, and SANTIAGO EVANGELISTA, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS SANTIAGO EVANGELISTA, VICTOR KAMAI, HENRY DOMINGO, AND MILES KAWASAKI'S MOTIONS TO <u>DISMISS AMENDED COMPLAINT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants Santiago Evangelista, Victor Kamai, Henry Domingo, and Miles Kawasaki's (collectively, "Defendants")[1] Motions to Dismiss Plaintiff's Amended Complaint and the supporting and opposing memoranda, the Court GRANTS Defendants' motions.

---

[1] The Court, at times, shall refer to each Defendant individually by their last name.

BACKGROUND

On February 23, 2007, Plaintiff, pro se, filed a Complaint against Defendants alleging that his former employer, Maui Chemical and Paper Products, Inc. ("Maui Chemical"), and Defendants discriminated and retaliated against him on the basis of race or color, national origin, and a perceived learning disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).[2] Because part of Plaintiff's claim was based on the perceived learning disability, Plaintiff's claims also were brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111. Plaintiff's claimed injuries include a failure to promote, demotion, and decreased pay.

Plaintiff only named Maui Chemical in the caption of his Complaint, but he specifically identified Defendants in the narrative body and each Defendant was served a Notice of Lawsuit and Request for Waiver of Service of Summons. Plaintiff's Complaint did not clarify whether Defendants were being sued in their individual or official capacity. Plaintiff identified Evangelista, Kamai, and Domingo as supervisors employed by Maui Chemical, and he identified Kawasaki as the CEO of Maui Chemical.

---

[2]   Plaintiff had filed a Charge of Discrimination with the Hawaii Civil Rights Commission ("HCRC") on December 16, 2005. The HCRC issued a right-to-sue letter on or around February 13, 2007, after which Plaintiff filed suit.

On June 8, 2007, Evangelista filed a motion to dismiss Plaintiff's Complaint, and on July 17, 2007, Kamai, Domingo, and Kawasaki followed suit with a motion to dismiss. The Court granted Defendants' motions to dismiss. Nonetheless, because Plaintiff was proceeding pro se, the Court had an obligation to construe his complaint liberally. Thus, the Court granted Plaintiff leave to amend his complaint to state a claim of personal liability against Defendants pursuant to Hawaii Revised Statute ("Haw. Rev. Stat.") chapter 378. On September 12, 2007, Plaintiff filed an Amended Complaint. On September 24, 2007, Defendants filed motions to dismiss, which Plaintiff opposed on October 5, 2007.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 1966. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. Id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). "[B]efore dismissing a pro se civil rights complaint for

failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

## DISCUSSION

Defendants move to dismiss Plaintiff's claims against them, arguing that Plaintiff failed to allege any specific facts or new facts from the alleged "1 ½ binder of documented evidence" that Plaintiff allegedly had available.[3] Specifically, Defendants argue that Plaintiff has failed to allege any facts that would make them personally liable for aiding, abetting, inciting, compelling, or coercing any discriminatory activity under Haw. Rev. Stat. chapter 378. Plaintiff argues otherwise, stating that he specifically described the discriminatory employment activity, among numerous other criminal and civil violations that are not before the Court, and the agents that were responsible for that activity. Indeed, Plaintiff argues, in a conclusory and indiscernible fashion, that Defendants are liable for everything from slander to discrimination to harassment to sabotage to public humiliation to indentured servitude, and the list goes on.

---

[3] Because the instant motion is a motion to dismiss, the Court's review is confined to the contents of the complaint. As such, the Court cannot consider any outside evidence at this stage. That said, the Court may consider, and will consider, whether Plaintiff has raised any new, concrete factual allegations against Defendants in his Amended Complaint, which he could have done by setting forth more detailed factual allegations according to that evidence. The Court may construe Plaintiff's failure to do so against him.

There is a split in this Court concerning the causes of action that may be maintained against employees in their personal capacity, pursuant to Haw. Rev. Stat. chapter 378.  This judge has found that a plaintiff may maintain claims of personal liability against employees under Section 378-2(3) (aider and abettor liability) and 378-62 (Hawaii's Whistleblower Protection Act).  See Black v. City and County of Honolulu, et al., CV NO. 07-00299 DAE-LEK; Lavarias v. O'Kakoa, CV. No. 06-00481, 2006 WL 3422256, at *2 (D. Haw. Nov. 28, 2006); White v. Pacific Media Group, 322 F. Supp. 2d 1101, 1114 (D. Haw. 2004) (concurring with Judge Mollway in the Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261 (D. Haw. 2003) decision, finding "that the legislature intended to include employees as personally liable pursuant to § 378-2(3), and not personally liable for a violation of the statute in general").  Compare Sherez v. State of Hawaii Dep't of Educ., 396 F. Supp. 2d 1138 (D. Haw. 2005) (finding that agents of employers may be held personally liable for violations of chapter 378, in general), Hale v. Hawaii Publications, Inc., 468 F. Supp. 2d 1210 (D. Haw. 2006) (same), and U.S. ex rel. Lockyer v. Hawaii Pacific Health, 490 F. Supp. 2d 1062 (D. Haw. 2007) (same), with Maizner v. Hawaii, Dept. of Educ., 405 F. Supp. 2d 1225 (D. Haw. 2005) (finding that claims of personal liability may not be maintained under chapter 378 generally, but only under Section 378-2(3) specifically); Mukaida v.

State, 159 F. Supp. 2d 1211 (D. Haw. 2001) (same).  Accordingly, the Court will review Plaintiff's claims as they pertain to Section 378-2(3) and Section 378-62 only.

Plaintiff has failed to allege any facts that would support an inference of retaliation for reporting or being about to report any violations of law or otherwise under Section 378-62.  Plaintiff's claims are confined to allegations of taunting him for being a slow learner (Evangelista), harassing him for being a "howlie" (Kamai), making discriminatory jokes against him (Domingo), and making slanderous and discriminatory statements against him (Kawasaki).  None of those allegations would support a claim under Hawaii's Whistleblowers' Protection Act.

As for claims of individual liability under Section 378-2(3), Plaintiff may be arguing that Defendants incited or encouraged the allegedly discriminatory acts against him based on his race as a Caucasian, though that is not entirely clear from Plaintiff's Amended Complaint.  If that is the case, Plaintiff appears to be making a hostile work environment claim based on racial harassment. Indeed, Plaintiff mentions the maintenance of a hostile work environment in his Amended Complaint, at least in regard to Kawasaki.  Namely, Plaintiff may be claiming that Defendants aided and abetted the hostile work environment through their taunting,

7

discriminatory remarks, and harassing and slanderous conduct.  Additionally, Plaintiff may be arguing that Defendants aided and abetted retaliatory acts against him.  For example, in regard to Henry Domingo, Plaintiff claims that he was demoted for being "Santy's haoli [sic] friend."  That appears to be Plaintiff's only specific allegation concerning his retaliation claim, though, again, that is unclear from his Amended Complaint.  That incident, alone, would not support a case of retaliation to impose personal liability against Defendants under Haw. Rev. Stat. § 378-2(3).  As Plaintiff's claims primarily focus on the taunting and harassing conduct to which Defendants allegedly subjected him, the Court will focus its analysis on Defendant's hostile work environment claim.

The Court is unaware of any Hawaii state court cases that have specifically determined whether racial harassment may support a hostile work environment claim under state law, similar to federal law.  See Takaki v. Allied Machinery Corp., 951 P.2d 507, 511, 515 n.10 (Haw. Ct. App. 1998) (refusing to consider a claim of "racial harassment" or "hostile work environment" because the plaintiff only pursued a claim of disparate treatment based on race at the trial court level, without raising his claims of "racial harassment" or "hostile work environment" until the appeal).  Nonetheless, the Court may apply the same

standards to prove a hostile work environment claim based on racial harassment as those applied under state law to prove a claim based on sexual harassment, as those are the same standards applied under federal law.  See Furukawa v. Honolulu Zoological Soc., 936 P.2d 643, 649 (Haw. 1997) (determining, in the context of burden shifting, that although "federal court's interpretation of Title VII is not binding on this court's interpretation of civil rights laws adopted by the Hawaiʻi legislature," the analytical framework applied under federal court can be useful); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 n.10 (2002) (noting that "[h]ostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment"); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 768 (1998) ("A hostile environment claim required the plaintiff to show that his work environment was so pervaded by racial harassment as to alter the terms and conditions of his employment.").  Thus, to establish a hostile work environment claim for racial harassment under Hawaii law, Plaintiff must prove that (1) he was subjected to conduct of a racial nature, (2) that was unwelcome, and (3) the conduct was severe or pervasive and served the purpose of interfering with his work performance or

creating an intimidating, hostile, or offensive work environment.  See Nelson v. Univ. of Hawaii, 38 P.3d 95, 106 (Haw. 2001); see also Hale., 468 F. Supp. 2d at 1220.

To start, Plaintiff appears to argue that Defendants subjected him to racially harassing conduct because he is Caucasian or a "howlie."  The factual allegations do not, however, support the notion that Defendants acted in a racially discriminatory manner because of Plaintiff's race.  Rather, the factual allegations establish that, if Defendants acted in such a manner toward Plaintiff, it was because they thought he was a "slow learner" (Evangelista and/or Domingo), they did not like him or get along with him (Kamai and/or Kawasaki), and/or they did not think he was bright (Domingo).  Granted, there are a couple of race-based allegations, such as "[y]ou aint nothing but a stupid Haoli [sic]" (Domingo) and "[i]f you were on my team, I would treat you like you were black," but those references are vague and conclusory, at best, without suggesting discriminatory animus based on Plaintiff's race in the context of this case.[4]  Plaintiff's Amended Complaint simply

---

[4]      In fact, the latter claim would be more derogatory toward African Americans than to Plaintiff, as a Caucasian.

contains no concrete factual allegations that would suggest that the allegedly unfavorable conduct toward him occurred <u>because of</u> his race.

Additionally, Plaintiff's conclusory allegations are insufficient to raise an inference of a work environment that was so "severe" and "pervasive" as to alter the conditions of his employment.  Although the Court appreciates Plaintiff's attempt to give order to his claims by re-organizing his complaint with headings upon amendment, Plaintiff still failed to set forth more concrete factual allegations based on the alleged underlying evidence contained in his "1 ½ binder of documented evidence."  Plaintiff makes vague and far-sweeping allegations of "sabotage," "harassment," "taunts," and other obstacles to his job security, but those allegations are not supported by facts that would be sufficient to give rise to a reasonable expectation that discovery would reveal evidence of a "severe" and "pervasive" hostile work environment.  Indeed, Plaintiff may have worked in an environment that was unfavorable toward him, but the mere fact that one works in an unsupportive environment and/or is disliked will not support a claim of discrimination based on racial harassment.  The Court, therefore, finds that Plaintiff has failed to state a claim upon which relief can be granted.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motions to Dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 5, 2007.



_____
David Alan Ezra
United States District Judge

Michael D.J. Chenoweth vs. Maui Chemical and Paper Products, Inc., et al., Civil No. 07-00092 DAE-KSC; ORDER GRANTING DEFENDANTS SANTIAGO EVANGELISTA, VICTOR KAMAI, HENRY DOMINGO, AND MILES KAWASAKI'S MOTIONS TO DISMISS AMENDED COMPLAINT